

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COOK INLETKEEPER; COOK INLET FISHERMEN'S FUND; NATIVE VILLAGE OF NANWALEK; NATIVE VILLAGE OF PORT GRAHAM; UNITED COOK INLET DRIFT ASSOCIATION, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Respondent, <br><br> XTO ENERGY INC.; UNION OIL COMPANY OF CALIFORNIA, <br><br> Intervenors. | No. 07-72420 <br><br> EPA No. AKG-31-5000 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Environmental Protection Agcy

Argued and Submitted July 27, 2010
Anchorage, Alaska

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Cook Inletkeeper and four other petitioners challenge the EPA's grant of a permit under the National Pollution Discharge Elimination System. The permit authorizes water pollution caused by the continued operation of natural gas and oil extraction facilities in Cook Inlet. The EPA has moved for a voluntary partial remand to address certain of the issues that Cook Inletkeeper raises. Both Cook Inletkeeper and the intervenors, who operate extraction facilities in Cook Inlet, oppose that motion. We grant the motion for voluntary remand, subject to certain reporting requirements. We deny the remainder of Cook Inletkeeper's petition and Cook Inletkeeper's motion to supplement the administrative record.

To define the scope of the record for our review, we first address Cook Inletkeeper's motion to supplement the administrative record and for other related relief. We assume that an "agency properly designated the Administrative Record absent clear evidence to the contrary." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993). Supplementation of the record is appropriate only if "it appears the agency has relied on documents or materials not included in the record." *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). The EPA denies that it considered the documents at issue, and Cook Inletkeeper has not presented clear evidence that the EPA did consider

2

those documents. We therefore deny the motion to supplement, along with the accompanying motion to require preparation of a privilege log.

In the same motion, Cook Inletkeeper requests leave to cite extra-record evidence. Resolving this request requires us to resolve one of the issues that Cook Inletkeeper raises in its petition: whether the exclusion of CORMIX results from the administrative record rendered the issuance of the permit arbitrary and capricious under 5 U.S.C. § 706(2). It did not. The CORMIX results were used by the Alaska Department of Environmental Conservation, not the EPA, and were used in a determination that was the state's to make, not the EPA's. *See* 40 C.F.R. §§ 122.44, 131.13. The EPA used the output of the state's process, the sizes of the mixing zones, in determining whether to issue water-quality-based effluent limitations. The record contains sufficient information to explain how the EPA used that output and why it reached its decision. We therefore deny the portion of the petition that asserts otherwise. And since there is no need to cite extra-record evidence to determine whether the EPA considered all relevant factors and explained its decision, we also deny the motion to cite extra-record evidence. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Lands Council v. Powell*, 395 F.3d 1019, 1029–30 (9th Cir. 2005); *Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982).

We turn to the EPA's motion for voluntary remand, which concedes that the Alaska Department of Environmental Conservation's antidegradation finding was flawed because of a lack of meaningful opportunity for public comment. We agree. The public-notice requirement is federal, and the EPA is correct that it must be evaluated by a federal standard. *See* 33 U.S.C. § 1341(a)(1); *City of Tacoma, Wash. v. FERC*, 460 F.3d 53, 68 (D.C. Cir. 2006). Despite the intervenors' argument to the contrary, the Department's final certification was not a "logical outgrowth" of the draft certification. *Natural Res. Def. Council v. EPA*, 279 F.3d 1180, 1186 (9th Cir. 2002) (internal quotation marks and citation omitted). The draft contained nothing more than a cursory preliminary finding that any reduction in natural water quality would be in accord with Alaska's antidegradation policy. Only the final certification contained meaningful analysis, so a new notice-and-comment period "would provide the first opportunity for interested parties to offer comments that could persuade the agency to modify its rule." *Id.* (internal quotation marks and citation omitted).

The EPA acknowledges that Alaska has not yet fulfilled its obligation under 40 C.F.R. § 131.12 to develop implementation methods for its antidegradation policy, but suggests that we need not consider this failing because Alaska has agreed to implement interim methods by September 1, 2010. We acknowledge the

4

EPA's position, but also that of Cook Inletkeeper, which points out that the EPA urged Alaska to adopt implementation methods more than a decade ago.[1] To ensure that Alaska keeps to its schedule, we order the parties to provide an update concerning the status of Alaska's implementation methods within thirty days of this disposition and every sixty days thereafter. With that condition, we grant the EPA's motion for voluntary remand, leaving the permit in place during remand to avoid the disruptive consequences that would flow from vacating the permit. *See Allied-Signal, Inc. v. U.S. Nuclear Reg. Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993).

We turn to the remainder of the issues set forth in Cook Inletkeeper's petition. Cook Inletkeeper argues that the EPA should have imposed technology-based effluent limitations for certain pollutants that were not considered when the EPA established effluent-limitations guidelines that used oil and grease as indicator pollutants instead of issuing specific limitations for specific chemicals. Cook Inletkeeper did not raise this issue during the comment period, and so it is waived. *See Marathon Oil Co. v. United States*, 807 F.2d 759, 767–68 (9th Cir. 1986). Cook Inletkeeper is free to raise its arguments regarding technology-based

---

[1]The remainder of Cook Inletkeeper's arguments against remand are speculative; the sufficiency of the process on remand cannot be evaluated until that process has taken place.

effluent limitations during the administrative process for the next Cook Inlet general permit if its concerns persist.

Cook Inletkeeper also asserts that the EPA's selection of water-quality-based effluent limitations was arbitrary and capricious, for several reasons that it describes in Part V of its opening brief and Part III of its reply brief. Cook Inletkeeper's arguments may be divided into two parts: those that should have been presented in a state appeal, and those for which the administrative record provides an adequate explanation. Concerning the first category, we have explained that state-agency decisions concerning certification must be challenged in state proceedings. *See Ackels v. EPA*, 7 F.3d 862, 867 (9th Cir. 1993); *see also* 40 C.F.R. § 124.55(e). All of the arguments raised in Part V.B of Cook Inletkeeper's brief should have been brought in a state court, if at all. Cook Inletkeeper failed to make a timely challenge in state court and may not correct that error here.

The administrative record contains adequate explanations concerning the remainder of the arguments that Cook Inletkeeper raises. We may not second-guess the agency in light of the rational explanations it provided. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42–43 (1983). Particularly, the methods that the EPA used to calculate estimated maximum

6

pollutant concentrations and to employ driver parameters were adequately explained in the administrative record.

Cook Inletkeeper's Motion to Supplement the Administrative Record, to Require Preparation of a Privilege Log, and for Alternative Relief is denied. The EPA's Motion for Voluntary Partial Remand is granted, subject to the reporting requirements described above. The remainder of Cook Inletkeeper's petition is denied.  This panel retains jurisdiction over this case.

Each party is to bear its own costs.

**REMANDED**